UNITED STATES of America,
Plaintiff-Appellee,

v.

Ricky Alonzo LOWE,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Sheila Jayne DIXON,
Defendant-Appellant.

Nos. 77–5339, 77–5340.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1978.

Decided May 24, 1978.

Rehearing Denied June 12, 1978.

Gary A. Rossi, Berkley, Mich. (Court-appointed), for defendant-appellant in No. 77–5339.

James K. Robinson, U. S. Atty., Chris Andreoff, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee in Nos. 77–5339 and 77–5340.

Richard A. Rossman, Detroit, Mich., for plaintiff-appellee in No. 77–5339.

Richard J. Amberg, Jr., Miller, Amberg & Cristini (Court-appointed), John J. Schutza, Southfield, Mich., for defendant-appellant in No. 77–5340.

Before EDWARDS, CELEBREZZE and MERRITT, Circuit Judges.

PER CURIAM.

The defendants appeal their conviction of possession with intent to distribute approximately 1½ pounds of heroin mailed to their home in a package from Thailand. The defendants' appeal is based entirely on an order of District Judge DeMascio overruling their motion to suppress the heroin. The Detroit Post Office made a "controlled delivery" of the Thailand package to defendants' home after the foreign package was opened by customs officials at the Detroit Post Office as a part of a routine drug inspection of packages originating in Thailand, a known source of heroin. The package was resealed and delivered by the Post Office the day after a warrant was issued authorizing search of defendants' home and seizure of the heroin.

Defendants' motion to suppress was based on two theories: (1) the search warrant was issued in advance of delivery and there was no basis for a finding that the contraband was presently located at defendants' house, and (2) that the opening of the package by the customs officials at the Detroit Post Office constitutes a warrantless "border search" which may only take place at the first port of entry of an article mailed from a foreign country.

■ Neither one of these grounds for suppression is well taken. The District Court was correct in finding that probable cause existed to support the issuance of a search warrant authorizing seizure once the heroin package was delivered in due course by the Post Office. Contraband does not have to be presently located at the place described in the warrant if there is probable cause to believe that it will be there when the search warrant is executed. It is not unreasonable for a magistrate to believe that certain controllable events will occur in the near future, e.g., that the Post Office will deliver a package the next day, when responsible officials so advise him.

■ Judge DeMascio was also correct in holding that the package from Thailand could be opened and inspected by customs officials in Detroit rather than in Los Angeles, the original port of entry for the package. Although the Supreme Court specifically reserved this question in *United States v. Ramsey*, 431 U.S. 606, 615–16 n. 11, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977), the Court's general line of reasoning in construing the statute authorizing the opening and inspection of foreign packages, 19 U.S.C. § 482, suggests to us that the statute and the Fourth Amendment permit customs inspections of foreign packages during the course of delivery at an inland city which is not the original port of entry. The Supreme Court decided in *Ramsey* that the statute permits such customs inspections without a warrant at the port of entry, and we can see no added danger in allowing customs inspection of a foreign package at the city to which the package is addressed. The statute authorizes inspections of such articles "wherever found," and we believe the Fifth Circuit was correct in *United States v. King*, 517 F.2d 350, 354 (1975), in allowing such inspections at an inland city which was not the original port of entry.

Accordingly, the order of District Judge DeMascio ruling the defendants' motions to suppress and the District Court's judgments of conviction are hereby affirmed.