634 P.2d 947

**STATE of Arizona, Appellee,**

v.

**David Ross BERGE, Appellant.**

No. 5244.

Supreme Court of Arizona,
In Banc.

Sept. 14, 1981.

Rehearing Denied Oct. 21, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Debus & Busby, Ltd. by Larry L. Debus, Lawrence I. Kazan, Phoenix, for appellant.

CAMERON, Justice.

Defendant, David Berge, was convicted by a jury of transportation and possession of marijuana in violation of A.R.S. §§ 36–1002.07 and 36–1002.05. The sentences were suspended and he was placed on probation for concurrent terms of five years for transportation and two years for possession. He now appeals the convictions and sentences. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must consider only one issue on appeal and that is: Was the search of the defendant's residence conducted pursuant to a valid search warrant?

The facts necessary for a determination of this matter are as follows. In November of 1979, Officer John Dee, a narcotics detective with the Phoenix Police Department, received information from a confidential informant that the defendant was receiving quantities of marijuana from Atlanta, Georgia, via United Parcel Service (UPS) for the purpose of sale in Phoenix, Arizona. An investigation of the defendant commenced, and the loss prevention unit of

UPS was requested by Officer Dee to notify the narcotics division if a package addressed to the defendant arrived.

On the morning of 7 December 1979, Detective Dee was notified that UPS had received such a package. Dee, along with a trained narcotics dog and dog handler, went to the UPS receiving terminal. Seven packages were arranged in a row and the dog alerted on a package addressed to the defendant with a return address in Atlanta, Georgia. After obtaining a valid search warrant, the package was opened revealing two, one-pound bags of marijuana and $275.00 in cash. Samples of the marijuana and photographs of the package were taken. The money, the bags and the package were sprayed with a fluorescent powder which becomes visible under a black light. The package was rewrapped and arrangements made to have it delivered to the defendant by a police officer dressed in a UPS uniform and driving a UPS truck.

At this time, a second search warrant was issued to search the person and residence of the defendant after the package was delivered. Four officers were located near the defendant's apartment. The defendant accepted delivery of the package and took it into his apartment, but before police could execute the warrant, the defendant left in his automobile. The police attempted to follow him but lost him in traffic. They returned to the apartment and executed the warrant. The package was not located, but a small quantity of marijuana, drug paraphernalia, an address book, a spiral notebook, and the title to the defendant's car were found on a small antique table in the defendant's living room and seized.

The defendant returned a few minutes later and was placed under arrest. A search of his person disclosed several grams of marijuana and $275.00. When the money and his hands were illuminated with a black light, the fluorescent powder appeared.

Prior to trial, the defendant moved to suppress all of the contraband and other articles seized from his residence on 7 December on the ground that the warrant was prospective and therefore invalid. This motion was denied and defendant appealed.

■ The affidavit and search warrant are not in the record before this court. We have held that it is the responsibility of the party objecting to see that the record on appeal contains the material to which exception is taken. Failure to provide relevant portions can result in a presumption that the missing portions of the record support the action of the trial court. *State v. Caldwell*, 117 Ariz. 464, 573 P.2d 864 (1977); *State v. Bojorquez*, 111 Ariz. 549, 535 P.2d 6 (1975). In the instant case, even though the affidavit and warrant are not in the record, the facts upon which the defendant relies are not in dispute, and we feel that the record is sufficient for us to decide the matter on its merits.

■ A search warrant may not be issued unless the issuing magistrate has probable cause to believe a crime was committed or is in the process of being committed. *State v. Bartanen*, 121 Ariz. 454, 591 P.2d 546 (1979), cert. denied 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113. The standard of probable cause required to support a search warrant is a showing of criminal activity and is not the rigorous standard required for admissibility at trial. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The United States Supreme Court has stated:

" * * * [A]ffidavits for search warrants * * * must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. * * * A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. * * * [W]here these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hyper-technical, rather than a commonsense, manner." *United States v. Ventresca*, 380 U.S. 102, 108–109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965).

The defendant relies heavily upon the Arizona Court of Appeals case of *State v. Vitale*, 23 Ariz.App. 37, 530 P.2d 394 (1975) for the proposition that an anticipatory or prospective warrant is not valid. In *Vitale*, supra, the police who were suspicious that the defendant was operating as a "fence" in receiving stolen property, obtained a search warrant to search the defendant's premises. After obtaining the warrant, they had an informant, fitted with a listening device, sell the defendant a television set represented as being stolen. The officer, after hearing the sale was made, was to execute the warrant. The magistrate knew, as here, that the property was not on the premises at the time the warrant was issued. The defendant purchased the television set and the officer executed the warrant. Although there was some question as to whether the television set was, in fact, stolen, the Court of Appeals stated as to the search warrant:

"We agree with appellant's contention that the search warrant issued in the instant case was invalid because there was no probable cause to believe a crime had been committed. Indeed, the transcript of the conversation between Officer Walsh and Justice of the Peace Schorr clearly shows there was no evidence of a crime having been committed at the time the warrant was issued. The informant had not yet approached appellant regarding the television set at the time the telephone search warrant was issued; also, there had not been any recent dealings between the informant and appellant.

\* \* \* \* \* \*

"The test as to the sufficiency of an affidavit in support of a search warrant is not whether items found in the search support the affidavit but whether at the time the affidavit was presented it contained information upon which probable cause could be found to issue a warrant. *State v. Reynolds*, 11 Ariz.App. 532, 466 P.2d 405 (1970). A.R.S. § 13–1442, as amended, clearly refers to seizing property where the criminal offense has already

occurred. But, the requisite occurrence of a crime was lacking here." 23 Ariz. App. at 40, 530 P.2d at 397.

The State, on the other hand, relies on an opinion of this court where we considered the propriety of issuing a search warrant to be executed at a time in the future, *State v. Cox*, 110 Ariz. 603, 522 P.2d 29 (1974), and determined that as long as probable cause to believe criminal activity is occurring at the time the warrant is issued, the warrant is valid. In *Cox*, supra, the defendant was driving from Pima County to Coconino County, Arizona, with an amount of marijuana in his automobile. A warrant was issued in Coconino County before the defendant arrived in the county. When he reached Coconino County, he was stopped, the warrant executed, and defendant was charged with transportation of marijuana. We upheld the "anticipatory" warrant stating:

"Law enforcement officials should be encouraged to obtain a warrant from the impartial and neutral magistrate whenever possible. As long as the magistrate is fully and fairly apprised of the facts, it is reasonable to issue a warrant to be served at some time not unreasonably distant for a crime, as here, that is in progress or it is reasonable to assume will be committed in the near future." 110 Ariz. at 608, 522 P.2d at 34.

We believe this case is more akin to *State v. Vitale*, supra, than to *State v. Cox*, supra.

■■ The package, which was the basis for the warrant, was in the possession or control of the police at the time the affidavit was sworn to and the warrant issued. There was no crime as such being committed at that time. What defendant did with the package after he received it would determine the extent of his criminal liability. We do not believe that it is reasonable to base a warrant upon future acts that can only come into being by actions of the persons seeking the warrant. In *State v. Cox*, supra, the defendant was committing a crime at the time the warrant was issued. In this case, there was no crime being committed by the defendant until the police

provided the defendant with the means to commit the crime. The question is not one of an anticipatory warrant, but whether there was reasonable ground to believe a crime was being committed. At the time the warrant issued, the police knew not only that a crime was not being committed, but that it could not be committed until they made it possible for the defendant to do so. We believe the court improperly denied the motion to suppress the items found in the premises as a result of the warrant.

We express no opinion as to the search of the defendant as a result of his arrest. That can be determined after a trial at which time the items seized as a result of the second search are suppressed.

Reversed and remanded for new trial.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.