**Norfolk**

RODERICK MCNEILL, JR., a/k/a
RODERICK MCNEIL, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1654-88-1

Decided August 14, 1990

COUNSEL

J. Roger Griffin, Jr. (Christie, Held & Kantor, on brief), for appellant.

David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Roderick McNeill, Jr. (appellant) appeals from a conviction in the Circuit Court of the City of Virginia Beach for possession of cocaine with intent to distribute. Appellant asserts that the cocaine seized from his apartment should have been suppressed because the search warrant used to retrieve it was issued before the drugs arrived at the apartment. Appellant further avers that the warrant was defective because the police were in control of the package containing the drugs and no crime could take place unless the police officers facilitated the crime. For the reasons that follow, we affirm the conviction.

On April 4, 1988, Detective Elder of the Virginia Beach police department received a telephone call from Florida detectives who advised Elder that they had viewed a package from United Parcel Service (UPS) that had been inspected by UPS employees pursuant to a hazardous material check, and that the package, addressed to "Rod McNeill, 4808 Pleasure Court, Apartment 2, Virginia Beach, Virginia," contained cocaine. Elder made arrangements with the Florida detectives and UPS to have the package shipped to Norfolk. Appellant makes no allegation of wrongful police activity through this stage of the investigation.

Before the package arrived in Norfolk, Elder and Detective Santos sought to identify and locate the addressee, "Rod McNeill." They determined that there was a 4808 Pleasure *House* Court in Virginia Beach and that a Roderick McNeill, Jr. lived at that address in Apartment 102; they could find no "Pleas-

ure Court, Apartment 2" in that city. Santos, posing as an UPS employee, made a telephone call to a number listed as appellant's. He spoke with a man who answered to the name of Rod McNeill, who advised him that he was expecting a package and that he would be at 4808 Pleasure House Court, Apartment 102 to receive the package.

On April 22, 1988, the package arrived as planned at the UPS office in Norfolk. Approximately thirty minutes after Elder was advised of its arrival, he and Santos went to the UPS office, opened the package, verified by field tests that the substance inside the package was cocaine and resealed it. Later that same day, at 11:45 a.m., Elder and Santos appeared before a magistrate in Virginia Beach for the purpose of obtaining the search warrant at issue. Elder's affidavit in support of the application for the search warrant stated in relevant part:

> Det. D. M. Santos will be making a control delivery, under surveillance by members of the special investigative unit and this affiant, of this package to Roderick McNeil, Jr., at 4808 Pleasure House Court, Apartment #102, in Virginia Beach, Virginia, between 1200 hours and 1400 hours. Det. Santos will be giving this package to Roderick McNeil, Jr., personally. After Mr. McNeil personally accepts this package and the delivery is complete, the search warrant will be executed to recover the package and its contents.

At 12:07 p.m., the magistrate issued a search warrant that would permit the detectives to search "4808 Pleasure House Court, Apartment #102" for a "brown cardboard box addressed to Rod McNeil containing a Stayfree Maxi-Pad box wrapped in green paper, which contains a plastic baggie with coffee grounds and a baggie containing a quantity of white chunk material which is cocaine."

With the warrant in hand, Elder and Santos proceeded to the UPS office to pick up a truck and a uniform so that Santos could appear to be an UPS employee. At 12:36 p.m., the detectives arrived at appellant's residence but could not make immediate delivery because appellant was not present in his apartment.

At 2:15 p.m., after appellant had returned and entered his apartment, Santos delivered the contraband package to him. Appellant accepted the package but used a false name, stating that Rod McNeil was not there at that time. Approximately seven minutes later, Elder, Santos and other officers executed the search warrant and retrieved the package.

Appellant concedes that under different circumstances a valid search warrant could be issued in anticipation that the contraband will be present at the stated address at a time subsequent to the issuance of the warrant by the magistrate. However, he contends that the search warrant served on him was constitutionally defective because the police removed the package from the normal course of mailing and obtained the warrant at a time they were in exclusive possession of the package which they delivered to appellant. We disagree with appellant's contention.

Warrants, issued when the contraband which gives rise to the search is not yet at the premises to be searched have been designated "anticipatory search warrants,"[1] and have been declared to be lawful when the contraband to be seized is on a *sure course* to its destination. *United States v. Goodwin*, 854 F.2d 33, 36 (4th Cir. 1988); *United States v. Washington*, 852 F.2d 803, 804 (4th Cir.), *cert. denied*, 488 U.S. 974 (1988); *United States v. Hale*, 784 F.2d 1465, 1468 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986); *United States v. Lowe*, 575 F.2d 1193, 1194 (6th Cir.), *cert. denied*, 439 U.S. 869 (1978); *United States ex rel. Beal v. Skaff*, 418 F.2d 430, 432-34 (7th Cir. 1969). To be valid, however, "there must be probable cause to believe that the items to be seized will be at the place to be searched at the time the warrant is executed." *State v. Gutman*, 670 P.2d 1166, 1172 (Alaska Ct. App. 1983). The probable cause requirement is met when "the evidence creates substantial probability that the seizable property will be on the premises when searched." *Id.* at 1172 n.4; 1 W. LaFave, *Search and Seizure* § 3.7(c), at 698 (1978). The record discloses that an unidentified person in Florida addressed the package containing the drugs to appellant and placed it with UPS, intending that it be delivered to appellant's residence. The drugs

---

[1] An anticipatory search warrant has been defined as "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place." *See* 1 W. LaFave, *Search and Seizure* § 3.7(c), at 698 (1978).

were on a sure course to appellant's apartment when they were discovered by the UPS random inspection, and continued on course while disclosure was made to police authorities. Police involvement did nothing to create or enhance the crime, nor did their involvement remove the drugs from their sure course. The delivery by the police merely assured that the drugs would continue on the sure course intended by appellant and his unidentified supplier.

In *United States v. Lowe*, 575 F.2d 1193 (6th Cir.), *cert. denied*, 439 U.S. 869 (1978), the sixth circuit affirmed the district court's refusal to suppress evidence of heroin contained in a package delivered to the defendant by the post office and seized pursuant to a search warrant issued prior to the delivery.

> The District Court was correct in finding that probable cause existed to support the issuance of a search warrant authorizing seizure once the heroin package was delivered in due course by the Post Office. Contraband does not have to be presently located at the place described in the warrant if there is probable cause to believe that it will be there when the search warrant is executed. It is not unreasonable for a magistrate to believe that certain controllable events will occur in the near future, e.g., that the Post Office will deliver a package the next day, when responsible officials so advise him.

*Id.* at 1194.

In *United States v. Washington*, 852 F.2d 803 (4th Cir.), *cert. denied*, 488 U.S. 974 (1988), the Court noted that in the transport of contraband those engaged in illicit drug trafficking frequently employ subterfuges, such as use of fictitious names. Such use does not affect the validity of anticipatory warrants when the contraband evidence is on a *sure course* to its destination, as in the mail. *Id.* at 804.

The sure course doctrine was applied in *United States v. Dornhofer*, 859 F.2d 1195 (4th Cir. 1988), *cert. denied*, 490 U.S. 1005 (1989), notwithstanding that a government agent originally placed the contraband in the mail.

In the present case, in the affidavit upon which the search warrant was issued, Inspector Northrop stated that he would

place the contraband in the United States mail to be delivered to Dornhofer. The magistrate conditioned the validity of the search warrant on the contraband being so placed in the mail. When Northrop placed the contraband in the mail, the requirement of *Goodwin* that the contraband was on a sure course to its destination was met. We conclude the anticipatory search warrant in this case is valid.

*Id.* at 1198. In the course of its opinion, the fourth circuit also noted that the evidence relating to the defendant's predisposition to commit the crime was significant. *Id.* at 1198-99; *see also Goodwin*, 854 F.2d at 36.

Appellant acknowledges the authorities which appear contrary to the position he asserts here; however, he avers that *United States v. Hendricks*, 743 F.2d 653 (9th Cir. 1984), *cert. denied*, 470 U.S. 1006 (1985); *State v. Berge*, 130 Ariz. 135, 634 P.2d 947 (1981); *State v. Vitale*, 23 Ariz. App. 37, 530 P.2d 394 (1975), support his position, and that we should embrace the findings and rationale of those cases. We decline the invitation. We agree with the comments made in *United States v. Hale*, 784 F.2d 1465 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986), where the ninth circuit distinguished *Hendricks*:

Hale argues first that the warrant is invalid because it was issued before the pornography was delivered. When evidence, however, is on a sure course to its destination, as in the mail, the prior issuance of a warrant is permissible. Hale's reliance on *United States v. Hendricks*, 743 F.2d 653 (9th Cir. 1984), *cert. denied*, 470 U.S. 1006, 105 S. Ct. 1362, 84 L.Ed.2d 382 (1985) is misplaced. In *Hendricks*, the evidence was not on a sure and irreversible course to its destination; the defendant in that case was required to pick it up personally, an act which he might or might not have done if the government had not taken that decision out of his hands by attempting a controlled delivery. In the instant case, the evidence was in the mail addressed to Hale for home delivery; a controlled delivery pursuant to a warrant issued earlier is, in this situation, permissible.

*Id.* at 1468 (citations omitted). In *State v. Vitale*, it is clear that when the warrant was issued "no crime was in progress and it was

a matter of pure speculation whether one would be committed." In *State v. Berge*, the Arizona Court clearly stated that the issue before it was "not one of an anticipatory warrant, but whether there was reasonable ground to believe a crime was being committed," and no reference was made to the sure course doctrine. 130 Ariz. at 138, 634 P.2d at 950. We reject the contention that in the case before us no crime was in progress when the contraband was placed with UPS in Florida with direction that it be delivered to appellant in Virginia.

█ In summary, we hold an anticipatory warrant is valid so long as there is probable cause to believe that the contraband will be located on the premises at the time the warrant is executed. Probable cause in such cases may be established by showing that the contraband is on "sure course" to the premises.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Willis, J., concurred.