**The STATE of Texas, Appellant,**

v.

**Thomas Edwin TOONE, Appellee.**

**No. 05–91–00414–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 17, 1992.

Randall A. Blake, Tom O'Connell, McKinney, for appellant.

John Hagler, Robert M. Rose, Dallas, for appellee.

Before STEWART, LAGARDE and WHITTINGTON [1], JJ.

---

1. The Honorable John Whittington, Justice, participated in this cause when it was submitted for decision. Because of his resignation December 31, 1991, he did not participate in the issuance of this opinion.

## OPINION

LAGARDE, Justice.

Thomas Edwin Toone was charged by indictment with the offense of possession of less than twenty-eight grams of cocaine. The trial court granted Toone's motion to suppress which asserted that officers seized the cocaine in violation of state statutory laws as well as both the United States and the Texas Constitutions. The State of Texas appeals from the trial court's order. Because we find that the federal officers acted under a valid federal search warrant, we reverse the trial court's order and remand the cause for further proceedings.

## FACTUAL BACKGROUND

Wayne W. Meyers, a federal postal inspector assigned to the Fort Worth Division of the United States Postal Inspection Service, investigated the mailing of material involving the sexual exploitation of minors and of obscene material. These offenses violate sections 1461, 2251, and 2252 of Title 18 of the United States Code. Meyers received several written requests from Toone for various illegal videotapes and publications. From these requests, Meyers planned a delivery of the contraband to Toone's house while disguised as a U.S. postman. Meyers obtained a federal search warrant in anticipation of this delivery to prevent possible destruction of the evidence. Meyers's lengthy search-warrant affidavit specified numerous fruits, instrumentalities, and evidence of possession of child pornography that he, through his investigation, believed would be found in Toone's home. Federal officers executed the search warrant on November 30, 1989.

During the search for the pornography, the officers discovered cocaine in a jewelry box. Subsequently, Toone was indicted in state court for cocaine possession and charged in federal court with receiving obscene materials through the mail.

## TOONE'S MOTION TO SUPPRESS

Prior to the state court trial, Toone filed a motion to suppress the cocaine arguing that (1) the federal search warrant affidavit contained stale information, and (2) the search warrant was issued prior to the commission of any offense. The amount of delay that will make information stale for search warrant purposes depends upon the particular facts of a case, including the nature of criminal activity and the type of evidence sought. *Ellis v. State*, 722 S.W.2d 192, 196 (Tex.App.—Dallas 1986, no pet.). Mechanically counting days is of little assistance in the determination of staleness; rather, common sense and reasonableness must prevail, with considerable deference given to the magistrate's judgment. *Id.* Thus, our analysis will focus on Toone's second argument.

Specifically, Toone complained of the following language in the search warrant:

> ... there *will be* concealed a certain person or property, namely evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2251 and 2252....

(Emphasis added). Toone argued that the words "will be" made the warrant an "anticipatory search warrant" by indicating that probable cause would exist in the future. He contended that probable cause did not exist at the time the warrant issued because the contraband was not then on the premises. Therefore, he asserts, the warrant was invalid under article 18.01(b) and (c) of the Texas Code of Criminal Procedure.[2] The trial court agreed and granted the motion to suppress.

---

**2.** Article 18.01(b) states in part:

No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

Article 18.01(c) provides in pertinent part that the search warrant affidavit must set forth sufficient facts to establish probable cause:

(3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX.CODE CRIM.PROC.ANN. art. 18.01(b) and (c) (Vernon Supp.1991).

## LEGAL ANALYSIS

### A. Anticipatory Search Warrant

■ Toone's argument that anticipatory search warrants are invalid is based on the language in article 18.01(b) and (c) because, as he admits, there is no case law in Texas holding this type of warrant invalid. Other jurisdictions, both federal and state, have confronted this issue, and a majority have concluded that anticipatory warrants are constitutional.[3]

### OTHER STATES

For example, the following three cases are factually similar and they come from different states all of which have probable cause requirements comparable to those of Texas.[4] First, in Massachusetts, the applicable statute provides that

> A court or justice authorized to issue warrants in criminal cases may, upon complaint on oath that the complainant believes that any of the property or articles hereinafter named are concealed in a house, place, vessel or vehicle or in the possession of a person anywhere within the commonwealth and territorial waters thereof, if satisfied that there is probable cause for such belief, issue a warrant identifying the property and naming or describing the person or place to be searched....

MASS.GEN. LAWS ANN. ch. 276, § 1 (West 1990). The Supreme Judicial Court of Massachusetts in *Commonwealth v. Soares,* stated, "we read G.L. c. 276, § 1, to permit search warrants to issue on a showing that concealment or possession is probable at the time a warrant is to be executed, and not solely at the time of its issuance." *Commonwealth v. Soares,* 384 Mass. 149, 424 N.E.2d 221, 225 (1981).

Second, in *McNeill v. Commonwealth,* a Virginia state police detective obtained a search warrant in anticipation of delivery of cocaine reported by UPS employees. *McNeill v. Commonwealth,* 10 Va.App. 674, 395 S.E.2d 460, 461 (1990). The court held that this anticipatory warrant was valid because there was probable cause[5] to believe that the contraband would be located on the premises at the time the warrant would be executed. *Id.* 395 S.E.2d at 463. The probable cause was established by showing that the contraband was on a "sure course" to the premises. *Id.*

Third, in *Commonwealth v. Reviera,* the Superior Court of Pennsylvania upheld the legality of a search warrant for a package of controlled substances, which, at the moment the warrant issued, was not yet on the premises. *Commonwealth v. Reviera,* 387 Pa.Super. 196, 563 A.2d 1252, 1254

**3.** *United States v. Garcia,* 882 F.2d 699 (2d Cir.), *cert. denied,* 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989); *United States v. Dornhofer,* 859 F.2d 1195 (4th Cir.1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989); *United States v. Hale,* 784 F.2d 1465 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986); *United States v. Lowe,* 575 F.2d 1193 (6th Cir.), *cert. denied,* 439 U.S. 869, 99 S.Ct. 198, 58 L.Ed.2d 180 (1978); *United States ex rel. Beal v. Skaff,* 418 F.2d 430 (7th Cir.1969); *Johnson v. State,* 617 P.2d 1117 (Alaska 1980); *State v. Cox,* 110 Ariz. 603, 522 P.2d 29 (1974); *Bernie v. State,* 524 So.2d 988 (Fla. 1988); *State v. Wright,* 115 Idaho 1043, 772 P.2d 250 (Ct.App.1989); *People v. Galdine,* 212 Ill. App.3d 472, 156 Ill.Dec. 595, 571 N.E.2d 182 (1991); *Russell v. State,* 182 Ind.App. 386, 395 N.E.2d 791 (1979); *Commonwealth v. Soares,* 384 Mass. 149, 424 N.E.2d 221 (1981); *State v. Doyle,* 336 N.W.2d 247 (Minn.1983); *State v. Mier,* 147 N.J.Super. 17, 370 A.2d 515 (Ct.App. Div.1977); *People v. Glen,* 30 N.Y.2d 252, 331 N.Y.S.2d 656, 282 N.E.2d 614, *cert. denied,* 409 U.S. 849, 93 S.Ct. 58, 34 L.Ed.2d 91 (1972); *Commonwealth v. Reviera,* 387 Pa.Super. 196, 563 A.2d 1252 (1989); *State v. Sachs,* 264 S.C. 541, 216 S.E.2d 501 (1975); *State v. Coker,* 746 S.W.2d 167 (Tenn.1987), *cert. denied,* 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988); *McNeill v. Commonwealth,* 10 Va.App. 674, 395 S.E.2d 460 (1990).

**4.** *See supra* note 2.

**5.** Section 19.2–52 of the Virginia Code provides in pertinent part:
> [S]earch warrants, based upon complaint on oath supported by an affidavit ... may be issued by any judge, magistrate or other person having authority to issue criminal warrants, if he be satisfied from such complaint and affidavit that there is reasonable and probable cause for the issuance of such search warrant.

VA.CODE ANN. § 19.2–52 (1990).

(1989). The probable cause [6] requirement came from the magistrate's reasonable conclusion that there is a fair probability that the evidence will be on the premises to be searched at the time the warrant is executed. *Id.* 563 A.2d at 1255. The Court reasoned that permitting the issuance of an anticipatory warrant allows the police a reasonable degree of flexibility in responding to crime, while ensuring the oversight of a neutral authority who can act to protect the constitutional rights of criminal suspects. *Id.* at 1256.

## FEDERAL

We turn now to an example under federal law of a legal anticipatory search warrant. In *United States v. Wylie*, the Fifth Circuit approved a magistrate's issuance of an anticipatory search warrant that authorized the search of premises when it was known that the contraband was on a sure course to its destination there. *United States v. Wylie*, 919 F.2d 969, 974 (5th Cir.1990); *see also United States v. Hale*, 784 F.2d 1465, 1468 (9th Cir.), (prior issuance of warrant permissible for four envelopes containing magazines and photographs in violation of 18 U.S.C. § 2252(a)(2) because they were on a sure course to their destination in the mail), *cert. denied*, 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986). In *Wylie*, the Fifth Circuit cites a Second Circuit case in which Drug Enforcement Association agents applied for and received an anticipatory warrant to search an apartment for cocaine, traces of cocaine, currency, drug records, and narcotics paraphernalia. *United States v. Garcia*, 882 F.2d 699, 701 (2d Cir.), *cert. denied,* 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed. 336 (1989). Execution of this warrant was contingent upon the delivery of cocaine by two men operating in cooperation with the DEA agents. *Garcia*, 882 F.2d at 701. In rejecting the argument that an anticipatory search warrant was unconstitutional *per se*, the court held that the warrant was based on probable cause. The court stated

that when a government official presents independent evidence indicating that delivery of contraband will, or is likely to, occur, and when the magistrate conditions the warrant on that delivery, there is sufficient probable cause to uphold the warrant. *Id.* at 702. The fact that the contraband is not presently located at the place is immaterial so long as there is probable cause to believe that it will be there when the warrant is executed. *Id.* The court further explained that the affidavits supporting the application for an anticipatory warrant must show: (1) the agent believes a delivery of contraband is going to occur, (2) how the agent obtained this belief, (3) how reliable his sources are, and (4) what part the government agents will play in the delivery. *Id.* at 703.

In the present case, there are even stronger facts supporting probable cause than in *Garcia*. In his affidavit, Meyers states that he received the requests from Toone, packaged the videotapes and magazines, and would personally deliver the items. No third parties were necessary to the completion of the delivery. This delivery was under the total control of the government.

Accordingly, we conclude that the federal search warrant based on the postal inspector's affidavit was valid. Because the federal officers were properly on the premises, the seizure of the cocaine was legal.

## B. Reverse Silver–Platter Doctrine

■ Alternatively, assuming *arguendo*, that the cocaine seizure did violate Texas law, we hold that because the federal search warrant was valid, the cocaine may be used in a state proceeding. To reach this conclusion, we review the "silver-platter" doctrine and illustrate how, in Toone's case, the reverse applies.

Historically, federal standards for lawful searches and seizures were usually more protective than the standards followed by the states. Because state officers were not

---

**6.** Pennsylvania Rules of Criminal Procedure require that:

No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. PA.CONS.STAT.ANN. Rule 2003 (1989).

subject to the Fourth Amendment and the exclusionary rule, the Supreme Court in *Lustig v. United States*, 338 U.S. 74, 79, 69 S.Ct. 1372, 1374, 93 L.Ed. 1819 (1949), held that evidence independently obtained by state officials in compliance with state law, but in violation of federal law, could be handed over on a "silver platter" to federal agents for use in a federal criminal trial. The underlying concept of the silver-platter doctrine is that protections afforded by the constitution of a sovereign entity control the actions only of the agents of that sovereign entity. *Burdeau v. McDowell*, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921).

The essence of the silver-platter doctrine is still pertinent today. Recently, in *United States v. McKeever*, the Fifth Circuit held that evidence seized under a state warrant obtained by state agents is admissible in a federal court even if the state warrant fails to satisfy federal statutory requirements. *McKeever*, 905 F.2d 829, 832 (5th Cir.1990), *cert. denied*, ─── U.S. ───, 111 S.Ct. 790, 112 L.Ed.2d 852 (1991).

In Toone's case we have the reverse scenario and, apparently, a case of first impression in Texas. Here, we have federal agents legally obtaining evidence under federal law but in assumed violation of state law. We proceed with this analysis with the recent case of *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991), in mind. There, the Court of Criminal Appeals held that when analyzing and interpreting article I, section 9 of the Texas Constitution, we are not bound by Supreme Court decisions addressing the comparable Fourth Amendment issue. The court recognized that state constitutions cannot subtract from the rights guaranteed by the United States Constitution, but they can provide additional rights to their citizens. *Id.* at 690. Other jurisdictions have held that state officials could use such evidence in state criminal proceedings. *United States v. Lester*, 647 F.2d 869, 875 (8th Cir.1981); *State v. Mollica*, 114 N.J. 329, 554 A.2d 1315, 1328 (1989); *State v. Gwinner*, 59 Wash.App. 119, 796 P.2d 728, 731 (1990).

In *Mollica*, the New Jersey Supreme Court stated, "[w]e endorse the principle that federal officers acting lawfully and in conformity to federal authority are unconstrained by the State Constitution, and may turn over to state law enforcement officers incriminating evidence, the seizure of which would have violated state constitutional standards." *Mollica*, 554 A.2d at 1328. The court cautioned, however, that the federal agents may not act as agents of the state police or under "color of state law." *Id.* at 1329. Evidence of antecedent mutual planning, joint operations, cooperative investigations, or mutual assistance between federal and state officers may sufficiently establish agency and serve to bring the conduct of the federal agents under the color of state law. Conversely, mere contact, awareness of ongoing investigations, or the exchange of information may not transform the relationship into one of agency. *Id.* In Toone's case, there is no evidence that state officers participated in any way in either the issuance or execution of the search warrant.

Because our state constitution has inherent jurisdictional limitations and can provide broader protections than those found in the United States Constitution, the application of our state constitution to the officers of another jurisdiction would disserve the principles of federalism and comity without properly advancing legitimate state interests. No deterrence of a state official's conduct is frustrated, because only the conduct of federal officials is involved. Further, Toone's individual constitutional rights were not violated because no state official or person acting under color of state law violated the state constitution. Consequently, we hold that evidence lawfully obtained by federal officers acting under a valid federal search warrant is admissible in state criminal proceedings. Accordingly, we sustain the State's point of error. The trial court erred in granting Toone's motion to suppress. We reverse the trial court's February 6, 1991, suppression order and remand this cause to the trial court for proceedings consistent with this opinion.