875 P.2d 1322

**STATE of Arizona, Respondent,**

v.

**Dannie WILSON, Petitioner.**

**No. 1 CA-CR 92-1624-PR.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 26, 1993.

Review Denied June 28, 1994.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for respondent.

D. Jesse Smith, Tucson, for petitioner.

OPINION

GRANT, Judge.

Petitioner Dannie Wilson ("defendant") seeks review of the trial court's dismissal of his Rule 32 Petition for Post–Conviction Relief. The issues presented are:

1. Did defendant knowingly, intelligently and voluntarily plead guilty to allegations of two prior felony convictions although the trial court did not advise him of the presumption of innocence on those allegations and his right to have the state prove them beyond a reasonable doubt?

2. Did the trial court improperly consider defendant's membership in the Aryan

Brotherhood as an aggravating factor in sentencing him?

We are precluded from reviewing the first issue. On the second issue we conclude that the trial court properly considered defendant's membership in the Aryan Brotherhood when it sentenced him.

## I. *FACTS AND PROCEDURAL HISTORY*

On August 12, 1987, a jury convicted defendant of burglary in the third degree for assisting his wife in shoplifting some cologne and lipstick from a drug store in Phoenix. On August 13, 1987, defendant admitted the state's allegations of two prior felony convictions for theft and larceny. Before accepting defendant's admissions, the trial judge asked defendant the following:

> THE COURT: Do you understand that by entering a plea of guilty you're giving up your right to have a trial on this matter? We have a jury in there. You could have it tried to that same jury, or you could waive the jury and have it tried to the Court. Either way that you did it, the State would have to prove that you were, in fact, convicted of these two felonies. You would have your attorney there. He could cross-examine the witnesses that they presented. You could present evidence on your behalf if you want, and you could testify if you wanted or, as you know, if you decided not to present evidence or not to testify, you could do that as well. Do you understand that?
>
> MR. WILSON: Yes.
>
> THE COURT: Do you understand you are giving up those rights by pleading guilty?
>
> MR. WILSON: Yes.

Defendant then pled guilty to the two prior felony convictions and the trial court ordered that a presentence report be prepared.

[■] The presentence report contained negative references to defendant's membership in the Aryan Brotherhood. Defendant's trial counsel objected to consideration of defendant's membership in the Aryan Brotherhood as an aggravating factor and argued that joining the gang had been necessary for his survival in prison. According to defendant,[1] the trial court did not sustain those objections. The trial judge indicated that he found the following aggravating factors:

> The defendant's attitude toward the judicial system, and the law in general seems to be one of disrespect for this Court, as evidenced in many respects, not the least of which was failing to appear at at least one, and probably two, court appearances, including the jury verdict.
>
> The defendant's addiction to narcotic drugs, in particular, heroin, troubles the Court. I think, there are plenty of other aggravating factors.

The trial court sentenced defendant to the maximum twelve-year sentence and advised him of his right to appeal.

Defendant filed a direct appeal raising as the only issue that the trial court erroneously admitted hearsay testimony. This Court disagreed, and affirmed defendant's conviction in a memorandum decision dated May 31, 1988.

Defendant filed this Rule 32 petition on June 12, 1992, arguing (1) that the trial court erred by failing to advise him of his presumption of innocence on the allegations of two prior felony convictions and his right to have the state prove them beyond a reasonable doubt, and (2) that the trial court improperly considered defendant's membership in the Aryan Brotherhood as an aggravating factor in sentencing. The trial court found that the record did not support either of these claims and summarily dismissed the

---

1. Although defendant quotes from the September 18, 1987, sentencing transcript in his Petition for Post–Conviction Relief and Motion for Rehearing, defendant has not provided this Court with the transcript itself. It is defendant's responsibility to see that the record contains the material to which he takes exception, and the failure to provide relevant transcripts can result in the presumption that the missing material supports the action of the trial court. *State v. Berge*, 130 Ariz. 135, 136, 634 P.2d 947, 948 (1981); Ariz. R.Crim.P. 32.5 (1987). In the instant case, even though the sentencing transcript is not in the record, the material upon which defendant relies is not in dispute, and we feel that the record is sufficient for us to decide the matter on the merits. *Berge*, 130 Ariz. at 136, 634 P.2d at 948.

petition and subsequent motion for rehearing.

## II. *PRECLUSION*

■ Petitions for post-conviction relief are addressed to the sound discretion of the trial court, and the decision of the court will not be reversed unless an abuse of discretion affirmatively appears. *State v. Schrock,* 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).

■ This petition is governed by Rule 32 as it read prior to the changes which took effect September 30, 1992. Prior to those changes, Rule 32.2 provided that "[a] petitioner will not be given relief under this rule based upon any ground ... [k]nowingly, voluntarily and intelligently not raised at trial [or] on [direct] appeal...." Ariz.R.Crim.P. 32.2(a)(3) (1987). Moreover, an inference of waiver applies whereby a court could infer from a petitioner's failure to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, that the petitioner knowingly, voluntarily and intentionally relinquished the right to appeal that issue. *State v. Carriger,* 143 Ariz. 142, 146, 692 P.2d 991, 995, *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1984); Ariz. R.Crim.P. 32.2(c) (1987). However, a petitioner who was unaware of the necessity of raising his claim by direct appeal is not precluded from raising it in a Rule 32 petition. *State v. Coleman,* 152 Ariz. 583, 585, 733 P.2d 1166, 1168 (App.1987). It is the petitioner's burden to assert grounds that bring him within the provisions of the Rule in order to obtain relief. *Carriger,* 143 Ariz. at 146, 692 P.2d at 995.

■ The state argues that defendant is precluded from bringing both of his claims because he could have raised them in his direct appeal.[2] Defendant contends that he is not precluded from raising his admission of prior felony convictions because he has filed an affidavit stating that he did not know, nor was he informed until April 1992, that he was presumed innocent and that the government had the burden of proving those convictions beyond a reasonable doubt. We agree with the state that defendant has relinquished his right to appeal his admission of the prior felony convictions.

Defendant's affidavit, by itself, does not overcome the inference that defendant waived his right to appeal his admission of prior felonies when he failed to raise this issue in his direct appeal. We note that defendant has not provided any affidavits from his trial or appellate counsel confirming that defendant did not previously know that he was presumed innocent or that the state had to prove prior felony convictions beyond a reasonable doubt. Nor has defendant brought an ineffective assistance of counsel claim based on his previous counsels' failure to so inform him. Enabling a petitioner to overcome the inference of waiver by merely asserting that he had previously been unaware of his claim would effectively eliminate the preclusive effect of Rule 32.2. In the instances where petitioners have overcome the inference of waiver, they have shown that they are entitled to Rule 32 review by more than just their own self-serving assertions. *Compare Coleman,* 152 Ariz. at 585, 733 P.2d at 1168 (petitioner overcame inference of waiver where record indicated that he was unaware of necessity of raising issue by direct appeal) *with State v. Smith,* 169 Ariz. 243, 247, 818 P.2d 228, 232 (App.1991) (petitioner did not overcome inference of waiver by assertion of ignorance where record was made available to him at time of direct appeal).

■ We disagree with the state, however, that defendant is precluded from bringing his sentencing claim. Defendant bases that claim on a significant change in the law resulting from the decision in *Dawson v. Delaware,* 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992). This type of claim is expressly not precluded. Ariz.R.Crim.P. 32.2(b) (1987).

## III. *CONSIDERATION OF MEMBERSHIP IN THE ARYAN BROTHERHOOD*

■ Defendant cites *Dawson v. Delaware* and argues that the trial court improperly

---

2. The trial court did not rule on whether defendant's claims were precluded under Rule 32.2. Instead, the trial court dismissed defendant's claims because the record did not support them.

aggravated his sentence based on the presentence report's references to his membership in the Aryan Brotherhood. In *Dawson,* a jury convicted the defendant of first-degree murder. Prior to the sentencing hearing, the prosecution gave notice that it would present expert testimony showing that the Aryan Brotherhood is a white racist prison gang that is associated with drugs, violent escape attempts, and that advocates the murder of fellow inmates. *Dawson,* at 163, 112 S.Ct. at 1097. Instead of the prosecution presenting that evidence, the parties merely stipulated that:

"[t]he Aryan Brotherhood refers to a white racist prison gang that began in the 1960's in California in response to gangs of racial minorities. Separate gangs calling themselves the Aryan Brotherhood now exist in many state prisons including Delaware."

*Id.* at 162, 112 S.Ct. at 1096. The jury recommended that the defendant be sentenced to death based on its finding of three aggravating circumstances, none of which was related to the defendant's membership in the Aryan Brotherhood. The trial court imposed the death penalty. *Id.*

The Supreme Court vacated the defendant's death sentence and held that the admission of the stipulation violated the defendant's First Amendment rights because "the narrowness of the stipulation left the Aryan Brotherhood evidence totally without relevance to Dawson's sentencing proceeding." *Id.* at 163, 112 S.Ct. at 1097. The Aryan Brotherhood evidence was not tied in any way to the murder of the defendant's victim. *Id.* at 164, 112 S.Ct. at 1098. Nor was the Aryan Brotherhood evidence relevant to any aggravating circumstances because the stipulation did not prove that the gang had endorsed or committed unlawful acts. *Id.* The Court was "left with the feeling that the Aryan Brotherhood evidence was employed simply because the jury would find these beliefs morally reprehensible." *Id.* Because the Aryan Brotherhood evidence proved nothing more than the defendant's abstract beliefs, its admission violated his First Amendment rights. *Id.*

The Court explained, however, that "the Constitution does not erect a *per se* barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment." *Id.* at 163, 112 S.Ct. at 1097. The Court recognized that "[i]n many cases ... associational evidence might serve a legitimate purpose in showing that a defendant represents a future danger to society. A defendant's membership in an organization that endorses the killing of any identifiable group, for example, might be relevant to a jury's inquiry into whether the defendant will be dangerous in the future." *Id.* at 164, 112 S.Ct. at 1098. The Court suggested that the defendant's First Amendment rights would not have been violated if, instead of introducing only the brief stipulation, the prosecution had presented evidence showing the violent and unlawful nature of the Aryan Brotherhood. *Id.* at 163, 112 S.Ct. at 1097.

*Dawson* offers defendant no relief, because, unlike the stipulation there, the references to his membership in the Aryan Brotherhood in the present case served a legitimate purpose in sentencing defendant. Specifically, the presentence report showed that his prior adjustment to prison had been "extremely poor" due in part to his "known gang (AB) affiliation" and that as a gang member he was a "belligerent individual ... very racial ... very hostile ... could be [a] management and escape problem." The presentence report also indicated that he had previously been recommended for incarceration at the maximum security level because of the need for "careful monitoring to avoid gang activities." These references to defendant's Aryan Brotherhood affiliation were not offered simply because the sentencing judge might find defendant's beliefs morally reprehensible. Rather, this information was relevant to the trial court's inquiry into defendant's prison record and his potential for violence, unlawful activity, or rehabilitation. Thus, the trial court's consideration of defendant's Aryan Brotherhood membership for these legitimate sentencing purposes did not violate defendant's First Amendment rights. *See United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984) (information that both witness and defendant belong to

**22**

Aryan Brotherhood and were therefore sworn to lie on each other's behalf was properly admitted to impeach witness).

The trial court did not abuse its discretion in summarily denying defendant's sentencing claim. Since defendant presented no colorable claim, no evidentiary hearing was required. *State v. Smith,* 169 Ariz. at 247, 818 P.2d at 232. Accordingly, we grant review of the Petition but deny relief.

GERBER, P.J., and FOREMAN, J., concur.

NOTE: The Honorable JOHN FOREMAN, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Article VI, Section 3 of the Arizona Constitution.