## CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Jay Noel Vaughan

June 2, 2014

Case Nos. CR14-63, CR14-64

BY JUDGE JAMES R. SWANSON

This matter comes upon a Motion To Suppress Evidence filed by the Defendant. By his motion, the Defendant seeks to suppress the fruits of a search conducted incident to the execution of a search warrant on September 20, 2013. The search warrant and underlying affidavit were filed as exhibits at the suppression hearing and are incorporated herein. Defendant argues that the affidavit underlying the search was constitutionally deficient and that, because the affidavit upon which the search warrant was based was so "facially deficient," the search cannot be "saved" by the good faith exception.

As a result of the suppression hearing on May 7, 2014, and by virtue of the arguments advanced by counsel, there appears little dispute that (i) the search warrant at issue herein was an anticipatory search warrant, (ii) the search warrant was executed on the date of its issue, and (iii) the executing officers relied in good faith upon the determinations made by the magistrate incident to the issuance of the search warrant. At the conclusion of the proceeding, the motion to suppress was taken under advisement to enable the Court to review and further consider the arguments of counsel and the authorities submitted.

In general, an anticipatory search warrant is "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of a crime will be located at a specified place." *United States v. Grubbs*, 547 U.S. 90, 94, 126 S. Ct. 1494, 164 L. Ed. 2d 195 (2006) (citations omitted). By its nature, an anticipatory search warrant subjects its execution, and ultimately its validity, to an enumerated condition precedent other than the mere passage of time. *Id*. This condition precedent is often

referred to as the "triggering condition". *Id.* Within specified parameters, the constitutional validity of anticipatory search warrants has been upheld. *Ward v. Commonwealth*, 273 Va. 211, 639 S.E.2d 269 (2007); see *Ford v. Commonwealth*, 55 Va. App. 598, 687 S.E.2d 551 (2010). More specifically, "warrants issued when the contraband which gives rise to the search is not yet at the premises to be searched [are called] "anticipatory search warrants" and are valid as long as the warrant and affidavit establish "a substantial probability that the seizable property will be on the premises when [they are] searched pursuant to the anticipatory warrant." *McNeill v. Commonwealth*, 10 Va. App. 674, 677, 395 S.E.2d 460 (1990)(citation omitted).

Probable cause has been defined as a "flexible common sense standard . . . a process that does not deal with hard certainties, but with probabilities." *Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983). In the context of a search warrant:

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . . conclud[ing]" that probable cause existed.

*Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960)). Thus, the determination of the probable cause necessary for a valid anticipatory search warrant requires a two-pronged inquiry:

> For a conditioned anticipatory warrant to comply with the Fourth Amendment's requirement of probable cause, two prerequisites of probability must be satisfied. It must be true not only that, if the triggering condition occurs, there is a fair probability that contraband or evidence will be found in a particular place, but also that there is probable cause to believe the triggering condition will occur.

*Grubbs*, 547 U.S. at 96-97. Since the affidavit underlying the warrant must provide the issuing magistrate with sufficient information to evaluate all aspects of the probable cause inquiry, the requisite two prong inquiry must begin within the four corners of the underlying affidavit.

In the instant case, the material facts constituting the probable cause for the issuance of the search warrant, as set out in the affidavit, are as follows:

On today's date, a confidential informant will attempt to conduct a controlled purchase of more than ½ ounce of marijuana, at the direction of this detective from Jay Noel Vaughan . . . from Mr. Vaughan's residence at 4801 Walton Ln., Roanoke, VA 24018 which is located in Roanoke County. If the CI [confidential informant] is successful with this purchase of marijuana (which will be field tested to verify), then a search of 4801 Walton Ln., Roanoke, VA 24018 and of Jay Noel Vaughan's person will be conducted to search for additional evidence related to the distribution of the marijuana.

Search Warrant Affidavit, Paragraph 4.

Under the scenario contemplated in the affidavit, the substance purchased during the controlled buy is to be removed from the premises to be searched (Vaughan's residence) and taken to some undisclosed location to be field tested by police. Only if the controlled buy, set up by the CI under police auspices, occurs and the purchased material is verified as marijuana will the search warrant at issue be executed.

The glaring deficiency with the search warrant in this case is that the affidavit underlying the warrant contains no basis for the conclusion that marijuana or "additional evidence related to the distribution of marijuana" will probably be found at the premises to be searched at the time the search warrant is executed. In his motion to suppress, the Defendant accurately notes that the affidavit contains:

no facts . . . that support evidence of marijuana having been seen on said premises, currently on the premises, expected to be on the premises or in possession of the [Defendant or other] person on the premises. There is no indication of a recent purchase of marijuana from the premises or a person. There is no indication of a confirmed future delivery of marijuana to the premises . . . no information provided about the defendant, except for an anticipated controlled buy . . . .there is no information to suggest that he is a drug dealer, has sold drugs, engaged in an ongoing drug scheme, or that he would have drugs at his residence, except, of course, for the anticipated controlled buy.

See Motion To Suppress Evidence filed by Defendant.

Aside from the occurrence of a controlled buy of "more than ½ ounce of marijuana at the premises to be searched," there is nothing in the affidavit to provide the required nexus between the premises to be searched and the probability that more marijuana or evidence of marijuana distribution would be found. See *Anzualda v. Commonwealth*, 44 Va. App. 764, 607 S.E.2d

749 (2005). Furthermore, the absence of any such objective facts clearly minimized the ability of the magistrate to "draw reasonable inferences" to justify the issuance of the search warrant at issue herein and, as a result, the deference customarily accorded the factual determinations of the magistrate does not save the search warrant of which Defendant complains. Succinctly, on the basis of the facts alleged in the affidavit, the issuing magistrate lacked sufficient basis to conclude that, as of the time he issued the search warrant, it was probable that contraband or evidence of the crime of marijuana distribution would be found when the search warrant was to be executed. Therefore, the affidavit underlying the search warrant at issue herein fails to satisfy the first prong of the test enunciated in *Grubbs*, 547 U.S. at 96-97. This deficiency renders the search warrant constitutionally defective and, therefore, invalid.

The Defendant's suppression argument, however, requires further analysis. Typically, a search pursuant to an invalid search warrant violates the Fourth Amendment and, under such circumstances, the exclusionary rule would apply to require that the items seized incident to the execution of the invalid search warrant be excluded from evidence. See *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 86 Ohio Law Abs. 513 (1961). It is well settled, however, that "the exclusionary rule is designed to deter police conduct rather than to punish the errors of judges and magistrates." *Tart v. Commonwealth*, 17 Va. App. 384, 390, 437 S.E.2d 219 (1993) (citation omitted). In light of this purpose, the courts have narrowed the scope of the exclusionary rule. In *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), the applicability of the exclusionary rule was limited and the good faith exception to the exclusionary rule was created to apply in cases wherein "a search is conducted pursuant to a warrant subsequently determined to be defective for Fourth Amendment purposes." *Id.* at 913-25. Under the good faith exception, the "suppression of evidence obtained pursuant to an invalid search warrant should be ordered only on a case by case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918. Since the exclusionary rule is designed to deter police misconduct, such "deterrence is absent where an officer, acting in objective good faith, obtains a search warrant from a magistrate and acts within the scope of the warrant." *Derr v. Commonwealth*, 242 Va. 413, 422, 410 S.E.2d 662 (1991); see *Polston v. Commonwealth*, 255 Va. 500, 498 S.E.2d 924 (1998).

The good faith exception, however, has limitations. Succinctly, the exception does not apply in four situations:

> (1) [W]here the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit

"so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

*Lynch v. Commonwealth*, 39 Va. App. 89, 93, 570 S.E.2d 871 (2002) (citations omitted). In the instant case, no basis has been adduced to preclude the applicability of the good faith exception on the basis of either the magistrate having been misled by police or having totally abandoned his judicial role. As to the third limitation, there appears no evidence to suggest that the executing officers knew or should have known that their reliance on the warrant was objectively unreasonable. See *Ward*, 273 Va. at 224. "An officer's decision to obtain a [search] warrant is *prima facie* evidence that he or she was acting in good faith." *Adams v. Commonwealth*, 275 Va. 260, 273, 657 S.E.2d 87 (2008). Furthermore, the Defendant does not dispute that the executing officers relied in good faith on the determinations made by the magistrate incident to the issuance of the search warrant in this case. Finally, as to the fourth limitation, the premises to be searched, the items for which the search was to be conducted, and the triggering condition were all sufficiently delineated on the search warrant and underlying affidavit. In his motion to suppress, the Defendant concedes that "[a]s a general rule, an informant's controlled buy may constitute probable cause for the issuance of a search warrant." See Motion To Suppress Evidence filed by Defendant. Neither party has suggested that the triggering conditions did not occur as described or that the search warrant was not executed within appropriate parameters. Accordingly, the warrant in the instant case was not so facially deficient that the executing officers could not reasonably have assumed its validity.

Since none of the limitations apply to preclude the application of the good faith exception to the exclusionary rule in this case and the suppression of evidence urged by the Defendant will not further the purposes of the exclusionary rule, the Defendant's Motion To Suppress Evidence is denied.