NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANDREW LOUIS CZARNIECKI, *Petitioner*.

No. 1 CA-CR 17-0345 PRPC
FILED 1-9-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2016-001003-001 DT
The Honorable John Christian Rea, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Andrew Louis Czarniecki, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1　　　　Petitioner Andrew Louis Czarniecki petitions this court for review from the dismissal of his petition for post-conviction relief filed in accordance with Ariz. R. Crim. P. ("Rule") 32.1.[1]  This is Czarniecki's first, timely, "of right" petition filed after he entered a plea.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2　　　　Czarniecki pled guilty to promoting prison contraband, a class 2 felony, with one historical prior felony conviction.  He was sentenced to the stipulated term of eight years' imprisonment, to run consecutive to another sentence in Yuma County.

¶3　　　　After assigned Rule 32 counsel filed a notice of completion of post-conviction review, Czarniecki filed his *pro se* petition for post-conviction relief claiming his plea was not knowing, voluntary, and intelligent, as he was heavily medicated when he was presented with the plea.  He also claims recent injuries in jail, and surgery as a result of his injuries prior to entering into his plea, affected the voluntariness of his plea.  The superior court summarily dismissed his petition.  Czarniecki then filed his petition for review.[2]

¶4　　　　A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea.  *State v. Moreno*, 134

---

[1]　　　The Rules applicable to post-conviction relief proceedings have been renumbered; because no material changes have occurred to the provisions relevant here, we cite the current version of the Rule.

[2]　　　We do not address the ineffective assistance of counsel claim that Czarniecki raises in his petition for review because he did not raise that claim in his petition for post-conviction relief.  *See* Rule 32.9(4)(B)(ii) (petition for review shall contain issues which were decided by the trial court); *see also State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

Ariz. 199, 200 (App. 1982). When accepting a guilty plea, the trial judge must ensure that the plea is entered voluntarily, intelligently, and knowingly. *State v. Rose*, 231 Ariz. 500, 505, ¶ 13 (2013) (citation omitted); Rule 17.1(b). Statements to the court at a change of plea regarding voluntariness are normally binding on the defendant. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶5**      Czarniecki took part in a settlement conference. Czarniecki was offered a more lenient plea after the conference. During the plea colloquy, Czarniecki indicated to the court that he understood the plea, and although he was on medication, it did not affect his ability to understand the plea or the proceedings. Czarniecki confirmed he discussed the plea with his attorney, it was explained to him in detail, and that he was to receive a stipulated sentence. Several days later, he was sentenced in accordance with the plea, and did not express or display an inability to understand the proceedings.

**¶6**      Czarniecki attaches no medical, or other documentation to support his claims, and therefore, does not meet his burden to show a colorable claim. Rule 32.5(d) (requiring a defendant to attach affidavits, records, or other evidence currently available to support the allegations of the petition). The defendant's own affidavit—self-serving assertions—is generally insufficient to raise colorable claim. *State v. Wilson*, 179 Ariz. 17, 20 (App. 1993).

**¶7**      We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA