STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven FALBO, Defendant-Appellant.†

Court of Appeals

*No. 93–3154–CR.  Submitted on briefs November 11, 1994.—Decided December 21, 1994.*

(Also reported in 526 N.W.2d 814.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark F. Nielsen* of *Schwartz, Tofte, Nielsen & Denmark* of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J.   Steven Falbo appeals from a judgment of conviction dated March 22, 1993, for possession of cocaine and THC with intent to deliver, contrary to § 161.41(1m)(c)3, (h)2, STATS., 1991-92. Because we conclude that the affidavit was sufficient to establish probable cause to issue a search warrant, we affirm.

The trial court issued an anticipatory search warrant on March 26, 1992, for 3321 Osborne Boulevard, Racine. Police officer David R. Boldus swore on oath to the facts as set forth in the affidavit which supported

331

the search warrant. The affidavit stated that an informant had contacted Boldus and given him the description and address of a man, who police later identified as Falbo, who was selling cocaine from his residence. The informant told Boldus that the informant had accompanied Randy Creasy to the residence at 3321 Osborne Boulevard where the informant waited outside while Creasy went in. When Creasy left the residence, he was in possession of cocaine. The informant told Boldus that Creasy had stated that he was still making weekly trips to Falbo's residence to purchase cocaine. The informant stated that Creasy drove a two-door, blue Buick in which he went to the home located at 3321 Osborne Boulevard "virtually every Friday" between approximately 1:00 p.m. and 2:00 p.m. to purchase cocaine.

Boldus located Creasy's telephone number and address from the telephone book. He confirmed the informant's information that Creasy lived on Carlisle Avenue. He also confirmed the fact that Creasy owned a 1987 Buick. Boldus had personally observed a blue Buick on, or near, Creasy's premises. Additionally, Boldus observed Falbo's residence. He confirmed Falbo's address through the Racine Police Department Record Bureau files and the Wisconsin Department of Transportation.

In issuing the anticipatory search warrant, the trial court conditioned the execution of the search upon the following:

> THE SEARCH WARRANT TO BE VALID ONLY DURING THE AFTERNOON AND EVENING HOURS OF MARCH 27, 1992, BASED UPON THE SUCCESSFUL COMPLETION OF EVENTS LISTED IN PARAGRAPHS #20 THRU #22 OF THE SUPPORTING AFFIDAVIT.

Paragraph twenty of the affidavit provided that on March 27, 1992, Boldus would arrange for surveillance at Falbo's house between the hours of 12:30 p.m. and 3:00 p.m. Paragraph twenty-one stated that if a blue, two-door, 1987 Buick bearing Wisconsin registration plate CT 3736 arrived at Falbo's residence and a man fitting the description of Creasy entered the residence or made contact with a white male in the residence, Boldus would arrange for the 1987 Buick to be stopped. If Creasy was inside the car, the police would search the car and the occupants for cocaine. Paragraph twenty-two provided that if cocaine was found during the search described in paragraph twenty-one, Boldus would then conclude that additional cocaine and related paraphernalia would be located at Falbo's residence.

On March 27, 1992, Creasy was arrested by members of the Racine police department after he left the residence of 3321 Osborne Boulevard for possession of cocaine and marijuana. After having found Creasy possessing cocaine, the police executed a search warrant at the home of 3321 Osborne Boulevard, where they found Falbo. The police found cocaine and THC at the residence.

On May 27, 1992, Falbo filed motions challenging, among other things, the search and the affidavit. Falbo argued that the search was done without probable cause and pursuant to an anticipatory search warrant, which is not authorized by law. He moved the trial court to exclude from evidence the fruits of the search. On October 7, 1992, the trial court issued an order denying Falbo's motions to suppress physical evidence, stating that the search of Falbo's house was done in a reasonable manner and pursuant to a valid warrant. Falbo subsequently pled no contest to possession of

cocaine and THC with intent to deliver. Judgment of conviction was entered against him on March 22, 1993. Falbo appeals from the judgment of conviction.

In deciding whether probable cause to issue a search warrant existed, we defer to the trial court's determination. "Great deference should be given to the warrant-issuing commissioner's determination of probable cause. The deferential standard of review is 'appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.' " *State v. Kerr*, 181 Wis. 2d 372, 379, 511 N.W.2d 586, 589 (1994) (citations and quoted sources omitted).

An "anticipatory search warrant" is described as: "a warrant that has been issued before the necessary events have occurred which will allow a constitutional search of the premises; if those events do not transpire, the warrant is void. This is not to say, however, that such warrants are not based on probable cause." *United States v. Garcia*, 882 F.2d 699, 702 (2d Cir.), *cert. denied*, 493 U.S. 943 (1989). According to the court in *United States v. Lowe*, 575 F.2d 1193, 1194 (6th Cir.), *cert. denied*, 439 U.S. 869 (1978), it is not necessary that contraband be presently located at the place described in the warrant if there is probable cause to believe that it will be there when the search warrant is executed. "It is not unreasonable for a magistrate to believe that certain controllable events will occur in the near future, e.g., that the Post Office will deliver a package the next day, when responsible officials so advise them." *Id.*

Wisconsin case law has not addressed the lawfulness of anticipatory search warrants.[1] We conclude that anticipatory search warrants are not unconstitutional per se. *See Garcia*, 882 F.2d at 703. In the proper circumstances, such warrants may be an effective tool to fight criminal activity as well as to protect individual Fourth Amendment rights. *Id.*

Falbo contends that the warrant in this case would not meet the criteria established in other jurisdictions for a valid anticipatory warrant. He argues that the anticipatory warrant was not proper because "the police had a belief not presently supported by probable cause that drugs [were] or [might soon have been] located in the Falbo residence. The police had reason to believe that events would occur in the future which—if those certain events did take place—would constitute a basis for a finding of probable cause."

Falbo argues that courts in jurisdictions which have accepted anticipatory search warrants require that the goods to be seized are on a sure course to the place to be searched in the future, thereby demonstrating probable cause to believe that the contraband will be at the residence at the time of the search. Often, the execution of the warrant is conditioned upon the delivery of contraband to the defendant's home. "Anticipatory search warrants are peculiar to property in transit." *United States v. Ricciardelli*, 998 F.2d 8, 10 (1st Cir. 1993). *See also Garcia*, 882 F.2d at 702 ("a wide variety of state and federal courts have upheld the anticipatory search warrant against constitutional

[1] Because Wisconsin case law does not address whether anticipatory search warrants are valid, we certified this case to the Wisconsin Supreme Court, which declined to accept jurisdiction of the appeal.

challenge at least where the contraband 'is on a sure course to its destination.' " (Quoted sources omitted.))

Falbo cites federal cases upholding anticipatory search warrants in situations where *known* contraband is directly in route to a *known* residence or person. In contrast, in the present case, the execution of the warrant was not conditioned upon the certain *delivery* of narcotics to Falbo's house but, rather, upon the police finding Creasy in possession of narcotics after leaving the residence. Falbo argues that the warrant was unlawful because there was no way for the police to know if there would be drugs in the house at the time of the search.

■

We disagree. Falbo's argument unduly restricts the case law addressing anticipatory search warrants. We agree with the State that while there is a sure *course of delivery requirement in situations* where contraband is in the mail on the way to a defendant's residence and the State obtains a warrant prior to delivery, the requirement merely serves as a way to show probable cause that the contraband will be at the residence at the time of the search. Although the present case differs from the cases where contraband is in transit, probable cause was provided just as effectively by showing that cocaine would be at Falbo's residence on March 27, 1992, because that is when Creasy would make his purchase.

■

The State contends, and we agree, that a probable cause determination in an anticipatory search warrant is the same as the probable cause determination in a conventional search warrant. In a recent supreme court case addressing the validity of search warrants, the court stated: "The ultimate question concerning the

search of any residence is whether it is reasonable under the Fourth Amendment to the United States Constitution." *State v. Stevens*, 181 Wis. 2d 410, 420, 511 N.W.2d 591, 593 (1994). When issuing a search warrant, a trial court must simply make a common-sense determination as to whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Kerr*, 181 Wis. 2d at 379, 511 N.W.2d at 588. In making this decision, the trial court must consider all of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information. *Id.* "Whether probable cause exists is to be determined by analyzing the totality of the circumstances." *Id.* at 380, 511 N.W.2d at 589 (quoted source omitted).

First, we determine whether the probable cause affidavit established circumstances from which the affiant could conclude that the information was reliable. *See State v. Anderson*, 138 Wis. 2d 451, 468 n.10, 406 N.W.2d 398, 406 (1987). In the present case, Boldus independently verified the informant's information about the type of car Creasy owned and the street where Creasy lived. Boldus also independently observed Creasy's residence and saw a blue Buick on the premises. Additionally, he confirmed Falbo's address through the Racine Police Department Record Bureau files as well as through the Wisconsin Department of Transportation. We conclude that the veracity element of the probable cause determination is satisfied.

Secondly, we decide whether the trial court had enough information upon which to determine that the underlying circumstances or manner in which the

337

informant obtained his or her information was reliable. *See id.* Here, the informant had accompanied Creasy to Falbo's residence. The informant waited outside while Creasy went inside. When Creasy left the residence he possessed cocaine. The informant said that Creasy had stated that he was still making weekly trips to Falbo's residence to purchase cocaine. The trial court had enough information to determine that the way the informant obtained the information was reliable. After an analysis of all of the facts and circumstances set forth in the affidavit, we conclude that the search warrant was supported by probable cause at the time it was issued to believe that contraband would be at Falbo's house when the police executed the search.

*By the Court.*—Judgment affirmed.