COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


PAULA COLAW, S/K/A
 PAULA LAVON COLAW
                                          OPINION BY
v.   Record No. 2990-98-3          JUDGE SAM W. COLEMAN III
                                         JULY 18, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HIGHLAND COUNTY
                   Duncan M. Byrd, Jr., Judge

          Gordon W. Poindexter, Jr. (Poindexter &
          Schorsch, P.C., on brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Paula Colaw was convicted in a bench trial of possession of

cocaine.  The sole issue on appeal is whether the trial court

erred by denying Colaw's motion to suppress the cocaine found in

the search of a friend's house where she was staying as an

overnight guest.  Colaw argues the trial court erred in finding

the seized cocaine admissible under the "good faith exception" to

the warrant requirement as established in United States v. Leon,

468 U.S. 897 (1984).  We agree and reverse the conviction.

                            BACKGROUND

     On September 12, 1997 at approximately 10:00 p.m., a

confidential informant telephoned Highland County Deputy Sheriff

Robert Kelly and informed him that a party would take place at

Steve Wimer's residence where the people "will be using and selling drugs." Kelly testified that the informant had been providing information to the sheriff's department for more than six years and that the information resulted in arrests on two occasions. The record did not reflect whether the information or arrests resulted in convictions.

Based on the information, Kelly sought and obtained a search warrant authorizing a search of Wimer's residence for drugs. The affidavit supporting the warrant stated that "[o]n September 12th 1997 a reliable informant called me by phone and noticed me of a party at Steven Wimer[']s residence that the people there will be using and selling narcotics." The confidential informant was described as someone who has "displayed knowledge of drug use and distribution on numerous occasions. This informant has given information in the past that has led to 2 arrests." A magistrate issued the warrant on September 13, 1997 at 12:46 a.m. Kelly executed the warrant at 2:10 a.m. on September 13.

When Kelly arrived at the Wimer residence, he observed several people standing outside in the yard as well as several people inside the house. Kelly served the warrant on Wimer and searched the residence. In the second floor bedroom, which Paula Colaw was occupying with a companion, Kelly discovered cocaine and a small scale in Colaw's overnight bag. Kelly also found

packaging material and a metal spoon under a towel on the table where Colaw's bag was placed.

Colaw moved to suppress the cocaine found in the bedroom she was occupying on the basis that the affidavit did not provide the magistrate with probable cause to believe that drugs were at the Wimer residence. The trial court denied the motion, finding that, although the affidavit did not establish probable cause, the evidence was admissible under the "good faith" exception to the exclusionary rule.

### ANALYSIS

Colaw argues that the affidavit underlying the warrant was a "bare-bones affidavit" and that it was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

Where law enforcement officers illegally search private premises or seize property without probable cause in violation of the Fourth Amendment, the illegally seized evidence will be excluded from evidence. See Mapp v. Ohio, 367 U.S. 643, 655 (1961). "'[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.'" Tart v. Commonwealth, 17 Va. App. 384,

390, 437 S.E.2d 219, 222 (1993) (citation omitted). Where a police officer has an objectively reasonable belief that the issuing magistrate had probable cause to issue the search warrant, the officer may rely upon the magistrate's probable cause determination and the evidence will not be excluded, even though the affidavit may not have provided the magistrate, in fact, with probable cause to issue the warrant. See Leon, 468 U.S. at 918-22. "Under the good faith exception [to the exclusionary rule] evidence illegally seized is admissible if the officer conducting the search reasonably relied on a search warrant issued by a detached and neutral magistrate." Atkins v. Commonwealth, 9 Va. App. 462, 464, 389 S.E.2d 179, 180 (1990) (citations omitted).

"In Leon, the United States Supreme Court held that 'suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule.'" Polston v. Commonwealth, 255 Va. 500, 503, 498 S.E.2d 924, 925 (1998) (quoting Leon, 468 U.S. at 918). Where the officer's conduct is not objectively reasonable, suppression is the appropriate remedy. See Leon, 468 U.S. at 923.

The good faith exception to the exclusionary rule is not available in the following four instances:

> (1) Where the magistrate was misled by information in the affidavit which the

> affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

Atkins, 9 Va. App. at 464, 389 S.E.2d at 180 (citation omitted).

When we review a trial court's denial of a suppression motion, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Although the facts underlying the suppression ruling are basically undisputed, we view the facts, including those in dispute, in the light most favorable to the Commonwealth.

We affirm the trial court's finding that the affidavit failed to establish probable cause and, therefore, was deficient. The trial court found that the affidavit failed to establish probable cause because it failed to provide a basis for the source of the affiant's knowledge. Moreover, it appears the warrant was an invalid anticipatory search warrant. The warrant was issued on September 13, but the affidavit failed to allege the date or time the criminal activity would occur. The affidavit also failed to provide a reason or explanation for the informant's knowledge that the criminal activity would occur.

See McNeill v. Commonwealth, 10 Va. App. 674, 677 n.1, 395 S.E.2d 460, 462 n.1 (1990) (stating that an anticipatory search warrant is "'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place'" (quoting 1 Wayne R. LaFave, Search and Seizure § 3.7(c), at 698 (1978))). An anticipatory search warrant is valid only when "'probable cause [exists] to believe that the items to be seized will be at the place to be searched at the time the warrant is executed.'" McNeill, 10 Va. App. at 677, 395 S.E.2d at 462 (quoting State v. Gutman, 670 P.2d 1166, 1172 (Alaska Ct. App. 1983)). Here, the affidavit failed to articulate the basis for the informant's knowledge that the party would be occurring at the Wimer residence or that it would occur on September 13. Further, it failed to state the basis for his knowledge that drugs would be present at the residence. No evidence indicated that the informant had been told of a party planned at the Wimer residence September 13 or that he had been invited to a party there. Insofar as the record shows, the informant may have only been aware that parties were regularly held at the Wimer residence, and the warrant was issued on September 13 in anticipation that a party would be held there.

The trial court found that, notwithstanding the deficient search warrant, the good faith exception to the exclusionary

rule applied and denied the motion to suppress. We hold that the "good faith" exception to the warrant requirement does not apply because "the warrant was based on an affidavit 'so lacking in indicia of probable cause' as to render official belief in its existence unreasonable."

Here, the same police officer was both the affiant and the executing officer. However, the affidavit contains no facts, and presumably the affiant was aware of none, that would support the conclusion that people were at the residence to be searched or would be there on September 13 or that they would be "using and selling drugs." The affidavit merely stated a conclusory declaration by a third party informant that people at the residence "will be using and selling narcotics." A police officer could not reasonably have believed that the warrant was properly issued when it was based on a "bare bones" affidavit that contained only conclusory assertions by a third-party informant about a future event without supporting facts to constitute probable cause. See People v. Young, 987 P.2d 889, 893 (Colo. Ct. App. 1999) (stating that "[a] bare bones affidavit is one that contains only conclusory statements devoid of facts from which a magistrate can independently determine probable cause"); State v. Rodriguez, 580 N.E.2d 1127, 1130-31 (Ohio Ct. App. 1989) (finding that affidavit which simply stated

a conclusory allegation of criminal activity without stating the basis for the informant's knowledge is "bare bones").

An executing officer, making an objective assessment of the warrant, would find no facts in the warrant to support a reasonable, "good faith" belief that drugs would be at the residence at a future time. The affidavit states, in effect, that an undisclosed informant said drugs would be at a certain residence at an unspecified future date and time. Based on the affidavit, the informant did not report having been inside the residence, having seen anyone purchase or sell drugs inside the residence, or having seen anyone using drugs inside the residence. Neither the affiant nor the informant reported having witnessed a drug transaction in the residence or a drug transaction involving anyone who was there or resided there. The affidavit contains no statement which asserts that anyone saw drugs in the residence or on a person at the residence. See Janis v. Commonwealth, 22 Va. App. 646, 653-54, 472 S.E.2d 649, 653 (1996) (holding that the "affidavit gave absolutely no indication that the fruits of criminal activity would probably be found at that location, rendering [the officer's] belief in probable cause, based solely on the affidavit, objectively unreasonable"), aff'd en banc, 23 Va. App. 696, 479 S.E.2d 534 (1996); see also Atkins, 9 Va. App. at 464, 389 S.E.2d at 180 (holding that evidence was admissible under the good faith

exception where the affidavit contained "a detailed description of the nature of the offense, the premises to be searched, the items for which they were searching, and the transaction which led the informant to believe that the drugs would be in this apartment"). Only by blindly accepting the informant's conclusory statement could one believe that drugs would be at the residence. Accordingly, we find that the affidavit was "so lacking in an indicia of probable cause as to render official belief in its existence entirely unreasonable."

We hold that the evidence seized as a result of the search warrant was inadmissible under the good faith exception to the exclusionary rule and hold that the seized cocaine should have been suppressed. We, therefore, reverse the trial court's ruling. Because the seized cocaine is essential to the Commonwealth's case, we reverse Colaw's conviction and dismiss the indictment.

<u>Reversed and dismissed.</u>