COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Athey and Frucci
Argued by videoconference


COMMONWEALTH OF VIRGINIA

v.        Record No. 1283-25-4

MICHAEL ANTHONY PENDRAK

MEMORANDUM OPINION[*] BY
JUDGE MARY BENNETT MALVEAUX
FEBRUARY 11, 2026


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan D. Frieden, Judge

Ryan Beehler, Assistant Attorney General (Jason S. Miyares,[1]
Attorney General, on briefs), for appellant.

Joseph J. Collins, III, Assistant Public Defender (Office of the Public
Defender, on brief), for appellee.


A Fairfax County grand jury indicted Michael Anthony Pendrak for eight counts of

possession of child pornography, in violation of Code § 18.2-374.1:1.  Pendrak moved to

suppress the evidence seized from his electronic devices, contending that the search warrant did

not authorize the search of the contents of those devices.  The trial court granted the motion to

suppress.  The Commonwealth appeals this ruling under Code § 19.2-398(A)(2).  We reverse the

trial court's judgment, because even assuming there was a deficiency in the warrant, we hold that

the good faith exception to the warrant requirement would apply.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND

Fairfax County Police received a report of a PayPal user making a Bitcoin payment to an account known to be associated with the sale of child pornography. Upon further investigation, Detective M.C. Grigg discovered the PayPal account was linked to Pendrak.

Detective Grigg prepared a search warrant and supporting affidavit to further his investigation into Pendrak's suspected possession of child pornography. The search warrant identified the "place, person or thing" to be searched as Pendrak's residence and the "property, objects, and/or persons" to be searched for and seized as:

> All computers, cellular phones, electronic devices capable of storing and accessing videos and photographs accessible by Michael Anthony Pendrak, videos, documents, photographs, flash, optical and magnetic storage devices. Records evidencing occupancy or ownership of the premises, including utility and telephone bills, mail envelopes or addressed correspondence as well as records evidencing use or ownership of the computers. Also, all evidence of [Code] § 18.2-374.1:1 (possession/distribution of child pornography) and all evidence of dominion and control of the residence or the electronic storage devices located therein. All aforementioned evidence to be searched and seized is evidence of [Code] § 18.2-374.1:1.

The six-page affidavit and the search warrant, submitted to the magistrate together as a "packet," certified that Detective Grigg had probable cause to believe Pendrak's residence contained evidence of a violation of Code § 18.2-374.1:1. The affidavit also contained statements about the search of any electronic devices that might be found and seized:

> [Y]our Affiant knows if the user wants to conceal criminal evidence, he/she often stores it in random order with deceptive file names. This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search on site; and searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. In order to conduct a valid forensic examination of all electronic equipment seized, all

digital property seized may be taken to [a] secure location for recovery and analysis by qualified law enforcement personnel.

A magistrate issued the search warrant the same day it was presented. The warrant and attached affidavit were served on Pendrak, and police executed the search. A 64-gigabyte flash drive, Dell laptop, and Thermaltake computer tower were seized from Pendrak's residence. The electronic devices were forensically searched, and Pendrak was indicted on eight counts of possession of child pornography, in violation of Code § 18.2-374.1:1.

Pendrak filed a motion to suppress "any evidence obtained from the unlawful search of electronic devices" in violation of the Fourth Amendment. He acknowledged that the search warrant identified electronic devices as among the items to be searched for and seized, but noted that the section of the warrant specifying the place, person or thing "to be *searched*" did not "mention electronic devices." Accordingly, Pendrak contended that "the subsequent *search* of electronic devices *seized* from [his] home violated his Fourth Amendment Rights because it was done in the absence of a [separate] warrant." The trial court granted the motion and found that the face of the warrant only authorized seizure of the electronic devices and did not authorize a search of their contents. The trial court also found that the good faith exception did not apply because "the warrant is so fatally deficient that the executing officers can[]not reasonably presume it to be valid to permit the search of the electronic devices." The Commonwealth appeals.

ANALYSIS

The Commonwealth argues the trial court erred in finding that the search warrant did not authorize the search of Pendrak's devices. It contends the warrant, together with its supporting affidavit, provided sufficient specificity to authorize the search of the devices seized. The Commonwealth also argues that even if the warrant was deficient, the police reasonably relied on the warrant in good faith, and thus the good faith exception to the exclusionary rule applies to

cure any such deficiency. Pendrak argues this was a warrantless search because the police acted "outside the scope" of the warrant, which precludes application of the good faith exception.[2]

When reviewing the Commonwealth's appeal of an order granting a motion to suppress evidence seized during a warrant search, we review the evidence in the light most favorable to Pendrak, the prevailing party below. *Commonwealth v. Peterson*, 15 Va. App. 486, 487 (1992). We also "grant all reasonable inferences fairly deducible from that evidence" to him. *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." *McCracken v. Commonwealth*, 39 Va. App. 254, 258 (2002) (quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (*en banc*)). "A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact." *Bryant v. Commonwealth*, 72 Va. App. 179, 186 (2020) (quoting *Commonwealth v. Robertson*, 275 Va. 559, 563 (2008)). Therefore, although we consider the facts in the light most favorable to Pendrak, we apply a de novo standard of review to the trial court's application of "defined legal standards." *Hayes v. Commonwealth*, 29 Va. App. 647, 652 (1999).

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV. If "the trial court determines a search was conducted in violation of the Fourth Amendment, the evidence is subject to the exclusionary rule, which prohibits the

---

[2] Pendrak relies on *Jones v. Commonwealth*, No. 0431-22-3 (Va. Ct. App. Mar. 14, 2023), to support his argument that the search in this case was outside the scope of the warrant and thus not an issue of particularity that would allow application of the good faith exception. In *Jones*, the warrant authorized the search of all persons present at a residential address. *Jones*, slip op. at 6. Jones was never present at the specified address, but police saw him drive near the address and searched him outside the perimeter of the premises. *Id.* The Court held that the search of Jones's person was outside the scope of the warrant and the good faith exception did not apply. *Id.* at 6-8. While we agree with the general principle in the holding of *Jones* that good faith applies when a police officer acts in objective good faith to conduct a search within the scope of a warrant, we find the facts of *Jones* distinct from this case. *Id.* at 6-7.

- 4 -

introduction of evidence, tangible or testimonial, acquired during an unlawful search." *Carlson v. Commonwealth*, 69 Va. App. 749, 758 (2019) (footnote omitted). "Exclusion of evidence is a last resort rather than the first impulse. The purpose of the exclusionary rule is to deter police misconduct, and where that purpose is not met, exclusion generally is not justified." *Id.* at 759 (citation omitted). "This deterrent is absent where an officer, acting in objective good faith, obtains a search warrant from a magistrate and acts within the scope of the warrant." *Adams v. Commonwealth*, 275 Va. 260, 272 (2008) (quoting *Derr v. Commonwealth*, 242 Va. 413, 422 (1991)).

"A judicially issued search warrant is entitled to a 'presumption of validity,' and a defendant challenging a resulting search bears the burden of rebutting that presumption." *Hamm v. Commonwealth*, 85 Va. App. 183, 189 (2025) (quoting *Harvey v. Commonwealth*, 76 Va. App. 436, 461 (2023)). When a warrant is obtained, "the scope of a search is limited by the terms of the authorizing warrant." *Rosa v. Commonwealth*, 48 Va. App. 93, 98 (2006). "To be valid, a search warrant must describe the place to be searched with particularity." *Hamm*, 85 Va. App. at 190. "All that is required, however, is that the description be such that the officer charged with executing the search warrant can, with reasonable effort, ascertain and identify the place intended." *Id.*

Assuming without deciding that the warrant was defective, we hold that the good faith exception to the warrant requirement applies to cure any such defect.[3] Here, the police

---

[3] Pendrak also raises two procedural defect arguments on appeal. First, he alleges the Commonwealth failed to provide an adequate record on appeal pursuant to Code § 19.2-405 because the Commonwealth did not move to admit a copy of the warrant and affidavit at the suppression hearing. Here, the record on appeal contains a copy of the warrant and affidavit as it was attached to Pendrak's motion to suppress, and therefore, the record is sufficient for this Court to address the issues raised. Second, Pendrak argues the Commonwealth's assignments of error do not comply with Rule 5A:20 because they fail to address the findings, rulings, or failures to rule on issues by the trial court. We disagree. The Commonwealth's assignments of error

reasonably relied on the warrant and supporting affidavit in good faith, and thus the search of Pendrak's electronic devices did not violate the Fourth Amendment.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court of the United States "limited the application of the exclusionary rule 'so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" *Adams*, 275 Va. at 268 (quoting *Leon*, 468 U.S. at 905). "The 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *Id.* (quoting *Leon*, 468 U.S. at 922 n.23). And "[a]n officer's decision to obtain a warrant is prima facie evidence that he or she was acting in good faith." *Id.* at 273 (quoting *United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002)); *see also Leon*, 468 U.S. at 921 n.21.

This Court has recognized four circumstances where a trial court properly rejects the good faith exception and suppresses the evidence:

> (1) Where the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

*Anzualda v. Commonwealth*, 44 Va. App. 764, 780 (2005) (quoting *Colaw v. Commonwealth*, 32 Va. App. 806, 811 (2000)).

In this case, the face of the warrant authorized the search of Pendrak's residence and described the property to be seized as "[a]ll computers, cellular phones, electronic devices capable of storing and accessing videos and photographs" and "all evidence of [Code]

---

specify explicit or implicit rulings by the trial court upon which the Commonwealth seeks reversal.

§ 18.2-374.1:1 (possession/distribution of child pornography)." This section of the warrant concluded by stating, "[a]ll aforementioned evidence to be searched and seized is evidence of [Code] § 18.2-374.1:1." The accompanying affidavit explained that searches of such devices are highly technical and can take long periods of time, so "[i]n order to conduct a valid forensic examination of all electronic equipment seized, all digital property seized may be taken to [a] secure location for recovery and analysis by qualified law enforcement personnel." The affidavit further explained that owners of devices seeking to conceal evidence of child pornography often store files with deceptive names, which "requires searching authorities to examine all the stored data to determine whether it is included in the warrant." The affidavit thus supplemented the warrant to specify the details of the seizure and subsequent search of the devices. And once an affidavit is attached to a warrant, it becomes a part of the warrant when served. *See* Code § 19.2-56(A) ("The judge . . . shall attach a copy of the affidavit required by § 19.2-54, *which shall become a part of the search warrant* and served therewith." (Emphasis added)). Although the warrant did not explicitly discuss moving the seized devices to an off-site location and searching them, an officer reading the warrant and affidavit together could reasonably believe the search subsequent to the seizure was authorized by the warrant. Accordingly, construing the warrant and incorporated affidavit together, the police reasonably relied on the warrant to authorize the search of Pendrak's devices.

Further, Code § 19.2-53(B) and (C) provide that a search warrant "issued for the search and seizure of a computer, . . . shall be deemed to include the search and seizure of the physical components and the electronic or digital information contained in any such computer," and "[a]ny search, including the search of the contents of any computer, . . . may be conducted in any location and is not limited to the location where the evidence was seized." Read together, these provisions generally allow officers to not only seize electronic devices, but to search them and

their internal components at another time and location. We consider "all of the circumstances" to determine whether a reasonable officer would have known if a search was illegal despite authorization by a magistrate. *Leon*, 468 U.S. at 922 n.23. And this Court can "'look to the totality of the circumstances including what [the executing police officers] knew but did not include in [the] affidavit' when conducting the good-faith analysis." *Adams*, 275 Va. at 270 (alterations in original). Therefore, under the facts and circumstances of this case, it was not unreasonable for police to also rely on these statutory provisions to both seize Pendrak's electronic devices and subsequently search their contents at an off-site location.

CONCLUSION

For the foregoing reasons, we reverse the circuit court's judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*