NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL CHARLES JOHNSON, *Petitioner*.

No. 1 CA-CR 15-0312 PRPC
FILED 6-22-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-162554-001
The Honorable Dawn M. Bergin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Michael Charles Johnson, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court,
in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**D O W N I E**, Judge:

¶1 Michael Charles Johnson petitions for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32 ("Rule 32"). For the following reasons, we grant review but deny relief.

¶2 A jury found Johnson guilty of theft of means of transportation, a class 3 felony. The trial evidence established that Johnson was removing parts off a stolen truck to sell them when he was confronted by police and arrested. The court found Johnson had two prior felony convictions and sentenced him to an exceptionally mitigated 7.5-year prison term. On direct appeal, this Court affirmed Johnson's conviction and sentence. *State v. Johnson*, 1 CA-CR 11-0824, 2013 WL 2145991 (Ariz. App. May 2, 2013) (mem. decision).

¶3 Johnson filed a notice of post-conviction relief, asserting claims of ineffective assistance of trial counsel. Assigned counsel was unable to find any viable Rule 32 issues, and Johnson timely filed an *in propria persona* petition for post-conviction relief. He argued trial counsel was ineffective: (1) while delivering her opening statement and closing argument; (2) by failing to investigate and subpoena witnesses; (3) for failing to request a lesser-included jury instruction; and (4) by failing to "initially identify and press notice of mistake of charge." Johnson also argued the State improperly "suppressed evidence" when the prosecutor objected on hearsay grounds during Johnson's questioning of the arresting officer. Johnson further asserted the verdict was contrary to the weight of evidence, and that the State "abused its power by prejudicing [Johnson] because of his unrelated priors and charging him."

¶4 The superior court dismissed the petition, finding that Johnson failed to raise a colorable claim. This timely petition for review followed.

¶5 "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). We will uphold the trial court if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464 (1984); *State v. Cantu*, 116 Ariz. 356, 358 (App. 1977).

¶6 On review, Johnson argues he was entitled to an evidentiary hearing in superior court. He asserts trial counsel was ineffective by not

conducting a "follow-up" investigation with the manager of the apartment complex from which Johnson arranged to have a stolen truck towed.

¶7        "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012). A Rule 32 petitioner is entitled to an evidentiary hearing if he presents a colorable claim. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). A colorable claim is one that, if the allegations are true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63 (1993).

¶8        To state a colorable claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, a defendant must establish a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Strategic choices made after adequate investigation of the law and facts "are virtually unchallengeable." *Id.* at 690–91.

¶9        The record belies Johnson's assertion of trial counsel's ineffectiveness. At sentencing, counsel explained that she *did* speak with the apartment manager, who denied giving Johnson permission to take the truck. *See State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983) (court views petition's allegations in light of the entire record to determine if a claim is colorable). Moreover, in an affidavit attached to the petition for post-conviction relief, Johnson avowed:

> Management of said apartment complex wrote a detailed letter of credence explaining their honest knowledge of said truck. [T]he defendant, Johnson took said letter and gave it to [his] attorney . . . to use as exculpatory evidence conveying defendant's innocen[ce]. Nowhere in court proceedings did [Johnson's] attorney ever introduce, mention or follow up on said letter which would have unequivocally undoubtedly cleared Johnson of all charges.

¶10       Johnson did not, however, describe the alleged "exculpatory evidence" in the letter. He did not, for example, avow that the letter contained a statement by the manager admitting that he informed Johnson

the truck was abandoned and that he could tow it from the apartment complex property. The mere assertion that the letter purportedly given to counsel was "exculpatory" did not create a material fact that entitled Johnson to an evidentiary hearing. *See State v. Borbon*, 146 Ariz. 392, 399 (1985) (trial court need not conduct an evidentiary hearing based on generalized and unsubstantiated claims of ineffective assistance of counsel); *State v. McDaniel*, 136 Ariz. 188, 198 (1983) (ineffective assistance of counsel must be a demonstrable reality rather than a matter of speculation), *abrogated on other grounds by State v. Walton*, 159 Ariz. 571 (1989); *State v. Wilson*, 179 Ariz. 17, 20 (App. 1993) (defendant's self-serving assertions in affidavit are generally insufficient to raise a colorable Rule 32 claim); *see also Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997) (an alleged failure to investigate does not meet the prejudice prong when defendant does not explain what evidence additional investigation would have disclosed and how it might have changed the outcome).

¶11      Johnson also argues his attorney should have subpoenaed the manager to testify at trial. Johnson, however, did not provide in his petition the potential witness's name, and he did not include an affidavit that contained the testimony the witness would have offered.[1] *See Borbon*, 146 Ariz. at 399 (failure to indicate names of witnesses and include affidavits about testimony they would have offered is fatal to a claim of ineffective assistance of counsel). Additionally, "the decision as to what witnesses to call is a tactical, strategic decision." *State v. Lee*, 142 Ariz. 210, 215 (1984). "[T]he power to decide questions of trial strategy and tactics rests with counsel." *Id.*

---

[1]      In addition to the affidavit noted in ¶ 9, Johnson attached an affidavit in which he avowed that he told the arresting officer:

> I did not know the truck was stolen. I told [the officer] that I got the truck from an apartment complex . . . that an apartment manager was going to have a truck towed that was abandon[ed] on his property and since the manager knew I was looking for a truck just like that one I could have it so he wouldn't have to put up the cost of towing. So I called the tow truck that the apartment manager gave me . . . .

This avowal attests to *Johnson's* potential testimony, not the apartment manager's.

**¶12** Johnson next argues the prosecutor committed a *Brady*[2] violation by successfully objecting to hearsay testimony during Johnson's cross-examination of the arresting officer. We disagree. Johnson does not cite relevant legal authority to support the proposition that seeking to exclude inadmissible evidence amounts to an unconstitutional nondisclosure of that evidence. Johnson also fails to cite to the trial record as required. *See* Ariz. R. Crim. P. 32.9(c)(1)(iv) (A Petition for review must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices."). In any event, this claim was precluded, as it could have been raised on direct appeal. Ariz. R. Crim. P. 32.2(a).

**¶13** Finally, Johnson contends the verdict was contrary to the weight of the evidence. He argues the State failed to prove beyond a reasonable doubt that he knew the truck was stolen, and "no one is accusing the defendant[] that he is the one who actually stole the vehicle." This claim was also precluded because it could have been raised on direct appeal. And on direct appeal, this Court held that the trial evidence was sufficient to sustain Johnson's conviction. *Johnson*, 1 CA-CR 11-0824, 2013 WL 2145991, at *2, ¶ 12.

---

2       *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

**CONCLUSION**

**¶14** The superior court did not abuse its discretion by dismissing Johnson's petition. We therefore grant review but deny relief. We deny Johnson's "Motion to Judicate" as moot.



AMY M. WOOD • Clerk of the Court
FILED: AA